NO. **14 CI 006042**

JEFFERSON CIRCUIT COURT
DIVISION _____

PORTIA DARLINE DEERING, POA FOR
GENEVA F. STINNETT

PLAINTIFF

**COMPLAINT**

JEFFERSON CIRCUIT COURT
DIVISION THREE (3)

THE EVANGELICAL LUTHERAN
GOOD SAMARITAN SOCIETY, INC.
d/b/a GOOD SAMARITAN SOCIETY - JEFFERSONTOWN

DEFENDANT

Registered Agent:    **CT Corporation System**
**306 West Main Street, Suite 512**
**Frankfort, Kentucky  40601**

Comes the Plaintiff, Portia Darline Deering, POA for Geneva F. Stinnett, and for
her causes of action against the Defendant, states as follows:

1.  Portia Darline Deering brings this action as POA for her mother, Geneva F.
Stinnett.

2.  Portia Darline Deering and Geneva Stinnett are residents of Louisville, Jefferson
County, Kentucky.

3.  Geneva Stinnett was admitted as a resident at the Defendant's facility on June
10, 2010.

4.     The Defendant, The Evangelical Lutheran Good Samaritan Society, Inc., is
a foreign limited liability company organized in the State of North Dakota is active and in
good standing business in the Commonwealth of Kentucky for profit.  The principal office
is located at 4800 West 57th Street, Sioux Falls, South Dakota 57108.  The registered agent
is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky  40601.
Upon information and belief, at all times material to this action, Defendant The Evangelical
Lutheran Good Samaritan Society, Inc. owned, operated, managed, controlled, and/or

provided services for Good Samaritan Society - Jeffersontown located at 3500 Good Samaritan Way, Louisville, Kentucky 40299.   Upon information and belief, Defendant The Evangelical Lutheran Good Samaritan Society, Inc. was, at all times material to this action, the "licensee" of the nursing facility.  Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, The Evangelical Lutheran Good Samaritan Society, Inc. was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility.   The causes of action made the basis of this suit arise out of such business conducted by said Defendant, The Evangelical Lutheran Good Samaritan Society, Inc. in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Geneva Florence Stinnett.

     5.     The Defendant controlled the operation, planning, management, budget and quality control of Good Samaritan Society - Jeffersontown.  The authority exercised by Defendant over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policies and procedures used by nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendant.

     6.     Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

     7.     Geneva F. Stinnett is a resident of Good Samaritan Society - Jeffersontown from June 10, 2010.

8.      Geneva F. Stinnett was looking to Defendant for treatment of her total needs for custodial, nursing and medical care and not merely as a site where others not associated with the facility would treat her.

9.      At all relevant times mentioned herein, the Defendant owned, operated, managed and/or controlled Good Samaritan Society – Jeffersontown, either directly, through a joint enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

10.     Defendant is directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities or agencies.

11.     Defendant failed to discharge its obligation of care to Geneva F. Stinnett with a conscious disregard for her rights and safety.  At all times mentioned herein, Defendant, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Geneva F. Stinnett, as more fully set forth below.  Defendant knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Good Samaritan Society – Jeffersontown.

12.     Due to the wrongful conduct of Defendant, Geneva F. Stinnett suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

a)      Failure to prevent falls;

b)      Malnutrition;

c)      Dehydration;

d)      Failure to adhere to the dignity of Geneva F. Stinnett;

e)      Head injuries;

f)      Failure to timely respond to requests for care.

## NEGLIGENCE

13.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 12 as if fully set forth herein.

14.     Defendant owed a non-delegable duty to Geneva F. Stinnett to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

15.     Upon information and belief, Defendant knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Geneva F. Stinnett.

16.     Defendant negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

   a)     Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

      1)     ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Geneva F. Stinnett, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

      2)     ensuring compliance with the resident care policies for the facility; and

      3)     ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

b)   Failure to provide a facility that was sufficiently staffed with personnel that was properly qualified and trained;

c)   Failure to provide the minimum number of qualified personnel to meet the total needs of Geneva F. Stinnett;

d)   Failure to maintain all records on Geneva F. Stinnett in accordance with accepted professional standards and practices:

e)   Failure to ensure that Geneva F. Stinnett received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

f)   Failure to increase the number of personnel at the facility to ensure that Geneva F. Stinnett received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to her skin, feet, nails, and oral hygiene;

g)   Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

h)   Failure to take all necessary and reasonable custodial measures to prevent the onset and progression of pressure sores during Geneva F. Stinnett's residency;

i)   Failure to monitor or increase the number of nursing personnel at the facility to ensure that Geneva F. Stinnett:

1)   received timely and accurate care assessments;

2)   received prescribed treatment, medication and diet; and

3)   received timely custodial, nursing and medical intervention due to a significant change in condition.

j)   Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k)   Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Geneva F. Stinnett in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l)   Failure to provide adequate hygiene and sanitary care to prevent

infection; and

m)     Failure to provide proper custodial care.

17.     A reasonably careful nursing facility would not have failed to provide the care listed above.  It was foreseeable that these breaches of ordinary care would result in serious injuries to Geneva F. Stinnett.  With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Geneva F. Stinnett.

18.     Pursuant to KRS 446.070, Plaintiff also alleges Defendant violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Geneva F. Stinnett was injured by the statutory violations of Defendant and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence *per se* of Defendant included, but is not limited to, violation(s) of the following:

a)     Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Nelda L. Robinson;

b)     Violation(s) of KRS 508.090 *et seq.*, criminal abuse, by committing intentional, wanton or reckless abuse of Geneva F. Stinnett, who was physically helpless or mentally helpless or permitting Nelda L. Robinson, a person of whom Defendant had actual custody, to be abused.  Such abuse caused serious physical injury, placed Geneva F. Stinnett in a situation that might cause her serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Geneva F. Stinnett.

c)     Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Geneva F. Stinnett, who was unable to care for herself because of her illness;

d)     Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was

committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

e)   Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

19.   As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Geneva F. Stinnett suffered the injuries described in Paragraph 12. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CORPORATE NEGLIGENCE

20.   Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 19 as if fully set forth herein.

21.   Geneva F. Stinnett was looking to Defendant's facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems.   There is a presumption that the treatment Geneva Florence Stinnett received was being rendered through employees of Defendant and that any negligence associated with that treatment would render Defendant responsible.

Defendant or persons or entities under its control, or to the extent Defendant was vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Geneva F. Stinnett, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

22. Defendant owed a non-delegable duty to assist Geneva F. Stinnett in attaining and maintaining the highest level of physical, mental and psychological well-being.

23. Defendant owed a duty to Geneva F. Stinnett to maintain its facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

24. Defendant owed a duty to Geneva F. Stinnett to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Defendant to insure smoothly run facilities and adequate resident care.

25. Defendant owed a duty to Geneva F. Stinnett to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Geneva F. Stinnett from danger due to his inability to care for herself. Defendant had a duty to protect Geneva F. Stinnett from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her mental condition or aberration would suggest as likely

to happen.

26.     With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice, or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Geneva F. Stinnett.

27.     As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Geneva F. Stinnett suffered the injuries described herein.  Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disfigurement, hospitalization, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

28.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 27 as if fully set forth herein.

29.     Defendant violated statutory duties owed to Geneva F. Stinnett as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq*.  These statutory duties were non-delegable.

30.     The violations of the resident's rights of Geneva F. Stinnett include:

    a)    Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality;

    b)    Violation of the right to have a responsible party or family member or his guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

c)      Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

d)      Violation of the right to be free from abuse and neglect; and

e)      Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

31.     As a result of the aforementioned violations of the Resident's Rights Statutes by Defendants, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

32.     With regard to the aforementioned violations of the Resident's Rights Act, Defendant acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Geneva F. Stinnett and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Defendant in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

**DAMAGES**

33.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 32 as if fully set forth herein.

34.     As a direct and proximate result of the negligence of the Defendant as set out above, Geneva F. Stinnett suffered injuries including, but not limited to, those listed

herein.  As a result, Geneva F. Stinnett suffered embarrassment, physical impairment, and great pain and suffering, both physical and mental.

35.     Plaintiff seeks punitive and compensatory damages against the Defendant in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff Portia Darline Deering, P.O.A. for Geneva F. Stinnett, prays for judgment against Defendant in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted this _____ day of _____, 2014.


_____
M. Keith Poynter
**THE SAMPSON LAW FIRM**
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
Telephone:    (502) 584-5050

Attorney for Plaintiff

U.S. POSTAGE ➤➤ PITNEY BOWES

ZIP 40202 $ 006.90⁰
02 1W
0001376043 NOV. 21. 2014

7014 1820 0001 2383 5317

DAVID L. NICHOLSON
JEFFERSON COUNTY CIRCUIT COURT CLERK
LOUIS D. BRANDEIS HALL OF JUSTICE
600 WEST JEFFERSON STREET
LOUISVILLE, KENTUCKY 40202



CT Corporation System
306 W. Main Street
Frankfort, KY 40601

| AOC-105        Summons Type: CI<br>Rev. 11-95 | | 14 CI 006042 |
|---|---|---|
| Commonwealth of Kentucky<br>Court of Justice<br><br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Court ___Circuit___<br><br>County ___Jefferson___ |

Portia Darline Deering, P.O.A. for
Gevena F. Stinnett

PLAINTIFF  **JEFFERSON CIRCUIT COURT<br>DIVISION THREE (3)**

VS.

**The Evangelical Lutheran Good Samaritan
Society, Inc.
d/b/a
Good Samaritan Society - Jeffersontown**

DEFENDANT

Serve:      C T Corporation System
            306 W Main Street, Suite 512
            Frankfort, Kentucky  40601

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANTS:

    You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with this summons.  Unless a written defense is made by you or by an attorney on your behalf and filed in the clerk's office within 20 days following the day this paper is delivered to you. judgment by default may be taken against you for the relief demanded in the attached complaint.

    The name(s) and address(es) of the party or parties demanding such relief against you or his (their) attorney(s) are shown on the document delivered to you with this summons.

Date: ____NOV 2 1 2014____

Clerk: _____DAVID L. NICHOLSON, CLERK_____

By: _____ D.C.

**PROOF OF SERVICE**

This summons was served by delivering a true copy and the complaint (or other initiating document) to:

_____

This _____ day of _____, 20 _____ .

Served By: _____

 CT Corporation

**Service of Process Transmittal**
11/25/2014
CT Log Number 526141014

TO:     Misty Ham-Quick
        The Evangelical Lutheran Good Samaritan Society
        4800 W 57th St, P.O. Box 5038
        Sioux Falls, SD 57108-2239

RE:     **Process Served in Kentucky**

FOR:    The Evangelical Lutheran Good Samaritan Society (Domestic State: ND)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Portia Darline Deering, POA for Geneva F. Stinnett, Pltf. vs. The Evangelical Lutheran Good Samaritan Society, Inc., etc., etc., Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Jefferson County Circuit Court, KY<br>Case # 14CI006042 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - 06/10/2010 - Good Samaritan Society, 3500 Good Samaritan Way, Louisville, KY 40299 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/25/2014 postmarked on 11/21/2014 |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | M. Keith Poynter<br>The Sampson Law Firm<br>450 South Third Street, 4th Floor<br>Louisville, KY 40202<br>502-584-5050 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/26/2014, Expected Purge Date: 12/01/2014<br>Image SOP<br>Email Notification, Misty Ham-Quick mhamquic@good-sam.com<br>Email Notification, Kayla Kottke kkottke@good-sam.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601 |
| **TELEPHONE:** | 717-234-6004 |

Page 1 of  1 / JJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.